INSTITUT PASTEUR and Centre
National de la Recherche
Scientifique, Plaintiffs,

v.

Adam J. SIMON, Ph.D., Defendant.

Civil Action No. 98–727.

United States District Court,
E.D. Pennsylvania.

Aug. 19, 2005.

Albert J. Breneisen, Christopher L. Og-
den, Richard S. Gresalfi, Patrice P. Jean,
William G. James, Kenyon and Kenyon,
New York City, Daniel F. Schiff, Dorsey &
Whitley, LLP, New York City, David W.
Marston, Jr., Thomas B. Kenworthy, John
V. Gorman, Morgan Lewis and Bockius
L.L.P., Lynn Collins, Akin, Gump, Strauss,
Hauer & Feld, L.L.P., Mari Shaw, Ober-
mayer Rebmann Maxwell & Hippel LLP,
Philadelphia, PA, for Plaintiffs.

Cutis B. Miner, David Boies, Stephen R.
Neuwirth, Boies & Schiller, LLP, Armonk,
NY, Daniel M. Cohen, H. Laddie Mon-
tague, Jr., Peter R. Kahana, Berger &
Montague, P.C., Philadelphia, PA, for De-
fendant.

## OPINION

POLLAK, District Judge.

In addition to two motions for summary
judgment, going to the issues of patent
ownership and damages, before this court
is plaintiffs' motion for summary judgment
on inventorship. Specifically, Institut
Pasteur ("Pasteur") and Centre National
de la Recherche Scientifique ("CNRS") re-
quest summary judgment as to Count II of
their complaint, which seeks a declaratory
ruling that Dr. Adam J. Simon ("Simon")
is not an inventor of the patents in ques-
tion. In addition, plaintiffs request dis-
missal of Count IV of Simon's counter-
claims, which seeks a declaratory ruling
that Simon is entitled to be listed as an
inventor on these patents. Because there
are material facts that are in dispute with
respect to inventorship, plaintiffs' motion
will be denied.

## I.

As the broad outlines of this litigation
are described in this court's summary
judgment opinion on the issue of owner-
ship, as well as in this court's November
13, 2003 opinion, which is attached as an
appendix to the ownership summary judg-
ment opinion, it is unnecessary to recount
this information again. However, a brief
outline of the contours of the inventorship
dispute is in order.

As previously noted, Simon, an Ameri-
can physicist who had recently received his
Ph.D., was invited in 1993 by Dr. David
Bensimon, a senior CNRS physicist, to
come to Paris and participate in ongoing
research into a process called molecular
combing. Simon spent nearly two years,
from September 1993 through August
1995, working with several French scien-

tists on this research. Simon generally worked at CNRS laboratories, but occasionally at Pasteur, which was cooperating with CNRS on the project. In 1994 CNRS and Pasteur began seeking patent protection, first in France and then in the United States, for the fruits of the research. The patent applications, and the patents that were subsequently issued in 1997 and 1998, listed certain CNRS and Pasteur scientists as inventors, but they did not include Simon. Contending that he is at least a co-inventor, if not the sole inventor, of the technology described in these patents, Simon filed counter-patent applications.

In 1998 CNRS and Pasteur initiated this proceeding, seeking a declaration that Simon has no cognizable interest, either as inventor or as owner, in the patented molecular combing processes. Simon filed several counter-claims, but pertinent for the purposes of this motion are two—a claim seeking a declaration that he should be listed as a co-inventor on 259 claims out of a total of 494 claims across the 13 United States patents at issue,[1] and a claim alleging fraud due, in part, to plaintiffs' deliberate exclusion of Simon's contributions from these patents.

In the instant motion, plaintiffs contend that for most of the claims on which Simon has alleged co-inventorship, Simon has admitted that the language of the patent claims does not include his specific contributions. Indeed, they argue, Simon's fraud allegation specifically belies his claim of inventorship on a majority of these patent claims, as he cannot be co-inventor on a patent if the patent fails to describe his alleged acts of inventorship. *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456,

1460 (Fed.Cir.1998) ("The conceived invention must include every feature of the subject matter claimed in the patent."). In addition, plaintiffs argue, on the few patent claims where exclusion is not necessarily alleged, the contributions Simon describes were either not directed to the patentable invention, or were already known as a matter of prior art. Plaintiffs provide extensive expert analysis attesting to the absence of Simon's alleged inventive contributions from the patents at issue, as well as challenging Simon's substantive claims of inventorship. In his response, Simon disputes the so-called admissions alleged by plaintiffs, and provides expert testimony of his own pointing to his substantive inventive contributions, as well as to the presence of those contributions in the claims described in the patents.

## II.

### A.

It is well established that summary judgment is only appropriate when there are no material facts in dispute and where, considering the evidence in the light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The Supreme Court has noted "that the 'genuine issue [of material fact]' summary judgment standard is 'very close' to the 'reasonable jury' directed verdict standard." *Anderson*, 477 U.S. at 251, 106 S.Ct. 2505 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745, n.

---

1. This number was taken from the plaintiffs' memorandum in support of their summary judgment motion. According to plaintiffs, "[t]his number was calculated by counting the number of claims listed in Exhibit 9 to Dr.

Simon's interrogatory responses (A725–42)." *See* Plaintiffs' Memorandum, at 1 n. 4. For the purposes of this opinion, this court will treat this number as accurate.

11, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983)). "In essence ... the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505.

Once the moving party puts forth evidence and argument pointing to the absence of disputed material facts, the respondent "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Zenith Radio,* 475 U.S. at 586–87, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)) (emphasis and additional citations omitted). However, in determining whether there is a genuine issue of material fact in dispute, "the trial court must assume that the evidence presented by the nonmovant is credible and draw all justifiable inferences therefrom in the non-movant's favor." *Loral Fairchild Corp. v. Matsushita Elec. Indus. Co.,* 266 F.3d 1358, 1361 (Fed.Cir.2001) (citing *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505).

In considering a summary judgment motion, a court must take into account the standard of proof that is required on a particular issue. In the case of inventorship, "[t]here is a presumption that the inventors named on an issued patent are correct, so misjoinder of inventors must be proven by clear and convincing evidence." *Fina Oil & Chem. Co. v. Ewen,* 123 F.3d 1466, 1472 (Fed.Cir.1997); *see also Linear Tech. Corp. v. Impala Linear Corp.,* 379 F.3d 1311, 1327 (Fed. Cir.2004) ("Summary judgment is properly granted if the evidence, when viewed in a light most favorable to the non-moving party, fails to establish the inventorship of an omitted inventor by clear and convincing evidence."). However, resolv-ing summary judgment motions concerning claims of inventorship tends to be a more complex process than many other such motions, as the inquiry is necessarily very fact-intensive. As the Federal Circuit has noted, "[t]he determination of whether a person is a joint inventor is fact specific, and no bright-line standard will suffice in every case." *Fina Oil,* 123 F.3d at 1473. Dueling experts and competing characterizations of alleged inventive contributions often tend to present situations inappropriate for resolution by summary judgment. *See, e.g., Checkpoint Sys. v. All–Tag Sec. S.A.,* 412 F.3d 1331, 1337–39 (Fed.Cir.2005).

**B.**

As Judge Newcomer noted more than three decades ago, "[t]he exact parameters of what constitutes joint inventorship are quite difficult to define. It is one of the muddiest concepts in the muddy metaphysics of the patent law." *Mueller Brass Co. v. Reading Industries, Inc.,* 352 F.Supp. 1357, 1372 (E.D.Pa.1972). As the boxes of volumes of competing evidence and testimony in this case would suggest, the issues of inventorship addressed in the summary judgment motion here are among the muddiest conceivable, even among the small subset that comprises "one of the muddiest concepts in the muddy metaphysics of the patent law."

The discussion in *Checkpoint* provides a close analog to the situation here, at least insofar as the conflicting nature of the evidence is concerned. The evidence there, including expert declarations and documentary evidence, was "flatly contradictory" relating to the question of patent validity. *Checkpoint,* 412 F.3d at 1339–39 (Fed.Cir.2005). Here we have similarly "flatly contradictory" contentions, expert declarations, and other evidence. Although plaintiffs are correct that there is

significant tension resulting from Simon's competing inventorship and fraud claims, the fact remains that the parties' experts differ not only on the substantive question of Simon's inventive contributions, but also on the extent to which these contributions are reflected in the patent language.

While it is true that "[t]o meet the clear and convincing burden of proof, alleged co-inventors must prove their contribution to the conception with more than their own testimony," there is no single incarnation such evidence must take. *Trovan, Ltd. v. Sokymat SA*, 299 F.3d 1292, 1302–03 (Fed. Cir.2002) (citations omitted). Although "[r]eliable evidence of corroboration preferably comes in the form of physical records that were made contemporaneously with the alleged prior invention," circumstantial evidence about the inventive process and oral testimony of someone other than the alleged inventor may also be sufficient. *Id.* Simon's submissions with respect to this issue present ample analysis of and support for his various claims of inventorship, as well as extensive analysis of both the scientific processes at issue and of the language in the patents themselves. In addition, Simon has demonstrated the potential for adequate corroboration through both direct and circumstantial evidence. While the allegations in Simon's fraud claim necessarily cast some doubt on the validity of many of his inventorship claims, if this court accepts as true, which it must, all of the expert testimony and documentary evidence presented by Simon, and if it draws all of the justifiable inferences from that evidence in Simon's favor, this court cannot reasonably conclude that plaintiffs must prevail as a matter of law.

Although Simon's case for inventorship may be less convincing with respect to some contributions, claims, and patents than it is for others, diving into the factual morass of analyzing each of over 250 claims across 13 patents is not a task appropriate for a court at the summary judgment stage. It is enough that the parties' submissions on this issue indicate the existence of disputed facts that go directly to the heart of Simon's claims of inventorship. Faced with all of the available documentary evidence, expert testimony, and disputed facts, this court cannot say that no reasonable jury could find that there is clear and convincing evidence establishing Simon's right to be named as a co-inventor on certain of the patents in question.

### III.

Accordingly, in an order accompanying this opinion, the motion of plaintiffs CNRS and Pasteur for summary judgment granting the declaratory relief sought in count II of plaintiffs' complaint, and denying the declaratory relief sought in defendant Simon's counterclaim IV, will be denied.

### ORDER

**August 19, 2005**

For the reasons set forth in the accompanying opinion, it is hereby **ORDERED** that plaintiffs' motion for partial summary judgment with respect to inventorship (Docket No. 193) is **DENIED**.